IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOEY KEITH JEFFERY,

           Petitioner,

v.                                                         CIVIL ACTION NO. 2:19-cv-00045

DONALD F. AMES,

           Respondent.

MEMORANDUM OPINION AND ORDER

Pending before the court is the petitioner's Petition for Writ of Habeas Corpus [ECF No. 2] and the respondent's Motion for Summary Judgment [ECF No. 11]. The Petition and Motion for Summary Judgment were referred to the Honorable Cheryl Eifert, United States Magistrate Judge, for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted proposed findings of fact and has recommended that the court deny the petitioner's Petition and grant the respondent's Motion for Summary Judgment [ECF No. 22].

Thereafter, the petitioner filed timely general objections to the Proposed Findings and Recommendation ("PF&R") [ECF No. 26]. When a Magistrate Judge issues a recommendation on a dispositive matter, the court reviews de novo those portions of the Magistrate Judge's report to which specific objections are filed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). This court is not, however, required to

conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982).

In this case, the petitioner filed objections on two bases, neither of which are specific to the PF&R. Pet'r. Obj. to PF&R [ECF No. 26]. In that filling, the petitioner avers that "he is entitled to relief requested because the State court's decisions are contrary to clearly established Federal law and Petitioner's constitutional rights were violated by cumulative effect of multiple errors." *Id.* at 2. In the alternative, the petitioner requests that this court appoint counsel to assist him in objecting to the PF&R. *Id.*

The appointment of counsel to represent a pro se petitioner in a habeas corpus action is governed by 18 U.S.C. § 3006A(a)(2)(B), which states, in pertinent part: "[w]henever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who is seeking relief under section 2241, 2254, or 2255 of title 28." It is clear that the petitioner has no constitutional right to counsel in this civil action, unless there is an evidentiary hearing, and appointment of counsel rests within the discretion of the court. Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts; *Crowe v. United States*, 175 F.2d 799 (4th Cir. 1949). I **FIND** that the interests of justice, here, do not warrant the appointment of counsel for the petitioner.

Turning to the petitioner's general objections to the substance of the PF&R, I have carefully reviewed the incredibly thorough, eighty-three-page PF&R. I **FIND** that the petitioner's general objections lack merit and that the Magistrate Judge's findings contain no error. Accordingly, I **ADOPT** and incorporate herein the Magistrate Judge's PF&R and **DENY** the petitioner's Petition [ECF No. 2] and **GRANT** the respondent's Motion for Summary Judgment [ECF No. 11].

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 27, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE